**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**
**UTICA DIVISION**

| | |
|---|---|
| **BRETT JOHNSON, on behalf of himself, and all others similarly situated,** | |
| **Plaintiff,** | **CASE NO. 6:10-cv-00346-DNH-ATB** |
| vs. | |
| **WAVE COMM GR LLC, and ROBERT GUILLERAULT and RICHARD RUZZO individually,** | **PLAINTIFFS' COUNSEL'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO WITHDRAW AS COUNSEL FOR TEN UNRESPONSIVE OPT-IN PLAINTIFFS** |
| **Defendants.** | |

## INTRODUCTION

Pursuant to Local Rule 83.2(b), Plaintiffs' Counsel of Record, through the instant Motion, seek leave of the Court to withdraw, without substitution, as counsel for the following ten opt-in Plaintiffs, each of whom has been unresponsive to Plaintiffs' Counsel's numerous attempts to engage in communications necessary to the continued pursuit of their claims in this lawsuit: Anthony Calenda, John Curley, Jr., Matthew Helmer, Mike Helmer, Justin Jones, Chris Nobles, James Quinn, Jesus Resendiz, Timothy Ridgon, and Pierre Salomon. (the "unresponsive opt-in Plaintiffs").  Due to the failure of each to communicate with Plaintiffs' Counsel, including that communication necessary to participate in discovery, Plaintiffs' Counsel cannot fully and adequately represent these unresponsive opt-in Plaintiffs.  Given this, Plaintiffs' Counsel's Motion to withdraw should be granted.

## RELEVANT BACKGROUND

This is a collective and class action lawsuit brought under the federal Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Named Plaintiff Brett Johnson filed this lawsuit in March of 2010. (ECF No. 1.) Plaintiffs allege that Defendants Wave Comm GR, LLC, Robert Guillerault, and Richard Ruzzo ("Defendants") willfully failed to pay overtime wages to installation technicians, and similar positions, in accordance with the FLSA and NYLL. (Id.)

The Court granted conditional certification of the FLSA opt-in collective on July 27, 2011. (ECF No. 59.) Court-authorized notice was distributed to potential collective members, advising them of their right to opt into the collective on July 29, 2011. (Affidavit of Timothy C. Selander ("Selander Aff.") at ¶ 3.) The opt-in period closed on September 10, 2011. (Id. at ¶ 4.) At present, there are 72 opt-in Plaintiffs in the collective. (Id. at ¶ 5.) The parties are engaged in merits discovery, which closes on August 17, 2012. (See June 13, 2012 Extension Text Order.)

Since service of Defendants' First Set of Interrogatories to Plaintiffs on August 15, 2011, Plaintiffs' Counsel[1] have attempted to communicate with each of the unresponsive clients by phone, letter, and email on multiple occasions. (Id. at ¶ 6.) Plaintiffs' Counsel have also searched public and private databases for potential new addresses for these individuals and mailed letters to those addresses. (Id.) As a final attempt to reach these unresponsive clients, Plaintiffs' Counsel sent a letter to each, stating that if Plaintiffs' Counsel had not received either a withdrawal form or some type of affirmative communication by July 23, 2012, they would move to withdraw as counsel and will no longer represent them in this matter. (Id.) To date, the unresponsive clients have not responded to Plaintiffs' Counsel's attempts to communicate with

---

[1] References to "Plaintiffs' Counsel" throughout this Memorandum refer to Plaintiffs' Counsel of record, as well as support staff at Plaintiffs' Counsel's law firm.

them.  (Id. at ¶ 7.)  As such, Plaintiffs' Counsel has been unable to obtain any discovery responses from these opt-in Plaintiffs or otherwise, in good faith, represent them.  For this reason, as discussed below, the instant Motion should be granted.

## **ARGUMENT**

**I.    LEGAL STANDARD**

Local Civil Rule 83.2(b) provides, in relevant part:

> An attorney who has appeared may withdraw only upon notice to the client and all parties to the case and an order of the Court, upon a finding of good cause, granting leave to withdraw. If the Court grants leave to withdraw, the withdrawing attorney must serve a copy of the order upon the affected party and file an affidavit of service.

L.R. 83.2(b).  When faced with a motion to withdraw as counsel, courts consider "two factors: the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." Blue Angel Films, Ltd. v. First Look Studios, Inc., 2011 WL 672245, at *1 (S.D.N.Y. Feb. 17, 2011).

As to the first factor—the reasons for withdrawal—district courts in the Second Circuit have consistently recognized that lack of communication between client and counsel is a satisfactory reason for permitting withdrawal.  See Freund v. Weinstein, 2009 WL 750242, at *1 (E.D.N.Y. March 19, 2009); Diarama Trading Co., Inc. v. J. Walter Thompson U.S.A., Inc., 2005 WL 1963945, at *1 (S.D.N.Y. Aug. 15, 2005); Griffin v. Norwegian Cruise Line, Ltd., 2002 WL 500375, at *1 (S.D.N.Y. April 3, 2002); Fischer v. Biman Bangladesh Airlines, 1997 WL 411446, at *1 (S.D.N.Y. July 18, 1997) (citing cases).

As to the second factor—the impact of the withdrawal on the timing of the proceeding— the question is whether "the prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel." Blue Angel Films, Ltd., 2011 WL 672245 at *2 (internal quotation marks omitted) (granting motion to withdraw despite opposing party's pending motion for attorney's fees, where

the case was not on the verge of being tried and "any disruption is caused not by defendant's counsel moving to withdraw, but simply by the defendant's failure to communicate with its attorneys.").

## II. PLAINTIFFS' COUNSEL'S MOTION TO WITHDRAW SHOULD BE GRANTED.

Plaintiffs' Counsel's Motion should be granted as to opt-in Plaintiffs Anthony Calenda, John Curley, Jr., Matthew Helmer, Mike Helmer, Justin Jones, Chris Nobles, James Quinn, Jesus Resendiz, Timothy Ridgon, and Pierre Salomon because each has failed to respond to Plaintiffs' Counsel's communications, which were sent numerous times and through multiple mediums in an attempt to further each individual's claims in this lawsuit by, among other things, responding to discovery. As district courts in New York have consistently acknowledged, lack of communication is a sufficient reason for withdrawal of counsel. Indeed, without client communication, there is no way for Plaintiffs' Counsel to accurately answer discovery requests on behalf of these opt-in Plaintiffs or, for that matter, consult with their clients on any matter of significance to their claims.

Notably, Plaintiffs' Counsel's requested withdrawal will not hinder the prosecution of this action as Plaintiffs' Counsel will continue to pursue claims on behalf of the Named Plaintiff and remaining opt-in Plaintiffs who maintain contact with Counsel.[2] Indeed, Plaintiffs' Counsel have provided Defendants with discovery responses from the Named Plaintiff and other remaining opt-in Plaintiffs.

---

[2] Through this Motion, Plaintiffs' Counsel is not consenting to the dismissal of these individuals' claims, nor can Counsel represent such individuals with respect to any such request. The whole issue here is that Plaintiffs' Counsel's ability to represent these individuals at all has been hindered by a lack of communication. Plaintiffs' Counsel respectfully submits that, in the event Plaintiffs' Counsel is granted leave to withdraw, the individuals affected by this notice should receive notice of such leave being granted and should be afforded an opportunity to oppose any subsequent motion to dismiss *pro se* or with alternative counsel.

**CONCLUSION**

Given the unresponsive clients' complete failure to respond to Plaintiffs' Counsel, satisfactory reason exists for allowing Plaintiffs' Counsel to withdraw as counsel for opt-in Plaintiffs Anthony Calenda, John Curley, Jr., Matthew Helmer, Mike Helmer, Justin Jones, Chris Nobles, James Quinn, Jesus Resendiz, Timothy Ridgon, and Pierre Salomon. Moreover, withdrawal will not impede the ultimate resolution of this case or impede a timely conclusion of discovery. For these reasons, the Court should grant Plaintiffs' Counsel's Motion.

Dated:   August 1, 2012

s/ Timothy C. Selander
**NICHOLS KASTER, PLLP**
Timothy C. Selander, MN Bar No. 0387016
(admitted *pro hac vice*)
4600 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
T: (612) 256-3200
F: (612) 215-6870
E: selander@nka.com

and

**THOMAS & SOLOMON, LLP**
Patrick J. Solomon, NY Bar No. 535232
Nelson Thomas, NY Bar No. 2579159
Justin Cordello, NY Bar No. 4131447
693 East Avenue
Rochester, NY 14607
T: (585) 272-0540
F: (585) 272-0574
E: psolomon@theemploymentattorneys.com
   nthomas@theemploymentattorneys.com
   jcordello@theemploymentattorneys.com

**ATTORNEYS FOR PLAINTIFF AND THE PUTATIVE CLASS**