UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

BRETT JOHNSON,
obo himself, and others similarly situated,

                              Plaintiffs,

    v.                                                   6:10-CV-346
                                                                (DNH/ATB)

WAVE COMM GR LLC, *et al.*,

                              Defendants.

---

TIMOTHY C. SELANDER, ESQ., *et al.*, for Plaintiffs
SCOTT P. QUESNEL, ESQ., *et al.*, for Defendants

ANDREW T. BAXTER, United States Magistrate Judge

## REPORT-RECOMMENDATION

Presently before the court is defendants' letter motion (Dkt. No. 122) to dismiss the claims of 13 pro se "opt-in" plaintiffs[1] because of their failure to respond to defendants' discovery demands and motion to compel. Having previously been allowed to withdraw from the representation of these 13 unresponsive individuals, plaintiffs' counsel has not opposed the motion. None of the 13 pro se plaintiffs responded to the motion by the deadline set by this court.[2] For the reasons discussed

---

[1] Those plaintiffs are Anthony Calenda, Jr.; Edward Coffin; Travis DeRuby; Matthew Helmer; Mike Helmer; Justin Jones; Arthur Mucitelli; Chris Nobles; Salomon Pierre; John Curley, Jr.; James Quinn; Tim Rigdon; and Jesus Resendiz.

[2] By text order dated 1/14/2013, the court directed defense counsel to serve the letter motion and a copy of my text order on the 13 pro se plaintiffs at their last known addresses, and set a deadline of 1/28/13 for any opposition to the motion. Defense counsel promptly served the 13 plaintiffs as directed. (Dkt. No. 123).

below, this court will recommend (1) dismissal, with prejudice, of the claims of the 13 unresponsive opt-in plaintiffs under the Fair Labor Standards Act ("FLSA") and (2) dismissal of their claims, as named plaintiffs, under the New York Labor Law ("NYLL"), without prejudice to their future participation, to the extent the court deems appropriate, as class members on these state law claims if the Rule 23 class action remains certified. If the District Court adopts this recommendation, the defendants have agreed to the dismissal, without prejudice, of any counterclaims for unjust enrichment against these same 13 plaintiffs.

I.  **Relevant Procedural History**

   A.  **The Overall Litigation**

On March 24, 2010, plaintiff Brett Johnson filed this action against defendants Wave Comm GR LLC ("Wave Comm"), and its two owners, Robert Guillerault ("Guillerault") and Richard Ruzzo ("Ruzzo"). (Compl., Dkt. No. 1). Wave Comm provides cable television ("CATV") installation, maintenance, and construction services for residential, commercial, and governmental customers of, *inter alia*, Time Warner Cable, Inc. (hereinafter "Time Warner"). (6/24/2011 Guillerault Aff. ¶¶ 3, 5, Dkt. No. 52-7). Plaintiff Johnson, an installation technician ("installer") for Wave Comm, alleges that defendants failed to pay him, and all other installers, overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*, and Article 19 of the New York Labor Law ("NYLL"). Plaintiff brings these

2

claims on behalf of himself and others similarly situated under the FLSA,[3] and a proposed class of Wave Comm installers, under Fed. R. Civ. P. 23, with respect to the New York state law claims.

On April 13, 2010, defendants filed an answer in which they denied plaintiff's allegations that he was not paid proper wages for work he performed for Wave Comm. (Dkt. No. 9). On May 13, 2011, defendants filed a motion to amend their answer, by adding the two affirmative defenses, under 29 U.S.C. § 207(i) and 12 N.Y.C.R.R. § 142-2.14(5), and a counterclaim for unjust enrichment. (Dkt. No. 44). By order dated September 23, 2011 (Dkt. No. 71), this court granted defendants' motion to amend.[4]

On October 25, 2011, U.S. District Judge David N. Hurd signed an order certifying a Rule 23 class action with respect to the New York Labor Law claims for two sub-classes of Wave Comm installers, without prejudice to the defendants later seeking to modify or vacate the certification order under Rule 23(c)(1)(C). (Dkt. No. 76). On November 30, 2011, Judge Hurd approved the Rule 23 Class notice jointly proposed by the parties. (Dkt. Nos. 81, 82).

Over the following year, the parties conducted extensive discovery, the deadline for which was extended several times at their request. On January 25, both parties filed summary judgment motions. (Dkt. Nos. 124, 125). Defendants advise that they

---

[3] With the consent of all parties, this court granted conditional certification of the action under the FLSA, on July 27, 2011, and approved a judicial notice to present and past Wave Comm installers. (Dkt. Nos. 58-1, 59). More than seventy other installers joined the action for unpaid overtime wages against defendants by filing written consent forms. (Selander Aff. ¶ 5, Dkt. No. 92-3). Several installers subsequently withdrew from the collective action.

[4] The court's order was slightly modified on September 27, 2011. (Dkt. No. 72).

3

intend to file a motion to decertify both the collective FLSA action, and the Rule 23 classes approved with respect to the New York Labor Law claims, and the court has set a deadline of March 1, 2013 for that motion.

   **B.   The Unresponsive Opt-In Plaintiffs**

On August 1 and August 15, 2012, plaintiffs' attorneys filed two motions to withdraw as counsel for a total of 13 opt-in plaintiffs who failed to cooperate in responding to interrogatories propounded by the defendants. (Dkt. Nos. 92, 97). The motion papers detailed the repeated efforts of plaintiffs' counsel to communicate to the unresponsive clients that they were obligated to respond to the discovery requests, and that their continuing failure to cooperate would cause the attorneys to move to withdraw as their counsel. (Selander Affs., Dkt. No. 92-3 ¶¶ 6-7; Dkt. No. 97-3 ¶¶ 6-7). None of the 13 plaintiffs, on whom service of the motions was made at their last known addresses (Dkt. Nos. 94, 98), responded, and this court granted their attorneys' motion to withdraw on September 24, 2012 (Dkt. No. 107).

On November 27, 2012, defendants filed a motion to compel the 13 unresponsive opt-in plaintiffs to answer outstanding discovery interrogatories and document requests. (Dkt. No. 112). Plaintiffs' attorney, who previously was allowed to withdraw as counsel for these 13 plaintiffs took no position with respect to the motion. (Dkt. No. 113). On November 28, 2012, this court entered an order which directed these 13 plaintiffs to respond to the discovery requests within 30 days and warned them that, if they "fail[ed] to comply with the Court's Order to provide discovery responses, the Court shall issue a Report and Recommendation to United

4

States District Court Judge David N. Hurd in which the Court shall recommend the dismissal of all claims being pursued by these individuals under the Fair Labor Standards Act and the New York State Labor Law with prejudice." (Dkt. No. 115). Defense counsel served the motion to compel and the court's order on the 13 pro se plaintiffs at their last known addresses. (Dkt. No. 116).

When none of these plaintiffs responded to the discovery requests or the motion to compel by the court's deadline, defendants filed a letter motion asking the court to issue a Report-Recommendation that all of the claims of these plaintiffs should be dismissed with prejudice. (Dkt. No. 122). On January 14, 2013, this court entered a text order directing the 13 pro se plaintiffs to file and serve any opposition to the defense motion by January 28, 2013. The text order warned: "A PLAINTIFF'S FAILURE TO RESPOND TO THE MOTION TO DISMISS WILL RESULT IN THIS COURT RECOMMENDING THAT THEIR CLAIMS BE DISMISSED." On the same day, at the court's direction, defense counsel served the 13 plaintiffs, at their last known addresses, with his letter motion and a copy of the court's text order. (Dkt. No. 123). Notwithstanding this explicit, second warning, none of the plaintiffs responded to the letter motion by the deadline set by this court.

## II. Applicable Law[5]

Rule 37(b) (2)(A) of the Federal Rules of Civil Procedure governs the sanctions

---

[5] This discussion of the applicable law draws heavily on the concise analysis of Magistrate Judge Go in *Enriquez v. Cherry Hill Market Corp.*, CV 2010-5616, 2012 WL 6641650, at *1-2 (E.D.N.Y. Oct. 22, 2012) (Report and Recommendation), *adopted*, 2012 WL 6626008 (E.D.N.Y. Dec. 20, 2012).

5

that a court may impose for failure to comply with an order to provide discovery, which include "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). A district court has wide discretion in imposing sanctions under Rule 37(b)(2). *See Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1365 (2d Cir. 1991). However, because dismissal with prejudice for failure to provide discovery is a harsh sanction, dismissal is appropriate only in extreme situations. *See Valentine v. Museum of Modern Art*, 29 F.3d 47, 49 (2d Cir. 1994).

The court should consider the following factors in exercising its discretion in fashioning Rule 37 sanctions: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." *World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 159 (2d Cir. 2012). These factors are not exclusive, and they need not all be resolved against the party facing sanctions to warrant dismissal. *Id*.

The inaction of the 13 unresponsive opt-in plaintiffs in this case also implicates Rule 41(b) of the Federal Rules of Civil Procedure, which provides, in pertinent part, that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Dismissals pursuant to Rule 41 are also within the discretion of the court in extreme situations. *See Jackson v. City of New York*, 22 F.3d 71, 75 (2d Cir. 1994). In considering whether dismissal is proper, courts consider the following factors: (1)

the duration of plaintiff's failure to comply with court orders; (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *See Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 193–94 (2d Cir.1999). "'Generally, no one factor is dispositive.'" *Id.* (citation omitted).

### III. Analysis

Based on the similar factors applicable to sanctions under Rules 37(b) and 41(b), this court recommends that the 13 unresponsive plaintiffs be dismissed from this action. Since November of 2012, these plaintiffs have twice ignored this court's explicit order to respond to defendants' discovery demands and/or to defense motions. Well before that, starting in the summer of 2011, these individuals failed to respond to the diligent efforts of plaintiffs' counsel to obtain their cooperation in appropriately responding to discovery.[6]

The court concludes that the failure of these 13 plaintiffs to cooperate with their former attorney and comply with the court's orders was willful. While some of these plaintiffs apparently moved, and may not have received some of the notices from the parties and the court, they had an obligation to keep their lawyer and the court

---

[6] Counsel started to work with the opt-in plaintiffs in responding to defense discovery requests in August 2011. Counsel's efforts included attempts to research possible new addresses for these plaintiffs and to send them notices at those addresses. (Selander Affs., Dkt. No. 92-3 ¶¶ 6-7; Dkt. No. 97-3 ¶¶ 6-7).

apprised of updated contact information. *See, e.g.*, *Dumpson v. Goord*, 00–CV–6039, 2004 WL 1638183, at *3 (W.D.N.Y. July 22, 2004) ("The demand that plaintiffs provide contact information is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit.") (collecting cases).[7]

The period of more than a year during which these 13 plaintiffs refused to cooperate with respect to defense discovery requests and motions contributed significantly to the repeated delays in the schedules set by the court for the completion of pretrial proceedings. These delays have prejudiced not only the defendants in their ability to mount a timely and cost-effective defense to the action, but also the other plaintiffs by delaying their action for civil relief. These unresponsive plaintiffs have twice been explicitly warned by this court that their continuing failure to fulfill their obligations in this action would result in the dismissal of their claims. Given the duration of these plaintiffs' recalcitrance and the absence of any showing of justification, this court concludes that no sanction short of dismissal would be adequate. *See, e.g.*, *Hamelin v. Faxton St. Luke's Healthcare*, 5:08–CV–1219 (DNH/DEP), 2010 WL 3430406, at *4 (N.D.N.Y. July 19, 2010) (Report and Recommendation) ("The [47] opt-in plaintiffs' refusals to provide standard discovery has caused delay, required court intervention, increased defendants' costs, and prejudiced them in their ability to defend against the plaintiffs' claims. Having

---

[7] Rule 41.2(b) of the Local Rules of Practice for the Northern District of New York states that failure to notify the court of a change of address in accordance with Local Rule 10.1(c)(2) may result in the dismissal of any pending action.

ignored not only the warnings but orders of this court, the non-complying opt-in plaintiffs have left the court with no alternative but to recommend dismissal of their FLSA claims."), *adopted*, 2010 WL 3433987 (Aug. 27, 2010); *Seever v. Carrols Corp.*, 528 F. Supp. 2d 159, 165 (W.D.N.Y. 2007) (dismissing FLSA and NYLL claims of two plaintiffs who failed or refused to attend or complete their depositions, respond to defendant's interrogatories, or to otherwise comply with the Court's orders concerning discovery).

The court notes that, if the 13 unresponsive plaintiffs had not initially opted-in to the collective FLSA action, they would not have been required to respond to any discovery to qualify as absent class members on the NYLL claims. The defendants filed a motion to compel discovery responses by the absent Rule 23 class members (Dkt. No. 103), but this court denied that motion on September 24, 2012, subject to reconsideration following the resolution of substantive motions that the parties intend to file. (Dkt. No. 107). "It would be unfair to treat the opt-in plaintiffs differently than other employees who may have chosen not to opt-in to the FLSA action for the same reason that these plaintiffs have failed to participate." *Enriquez v. Cherry Hill Market Corp.*, 2012 WL 6641650, at *3 (the unresponsive opt-in plaintiffs should not be precluded from participating in a potential class action under state law because there is no requirement that a class member in a NYLL action opt-in to an FLSA collective action). Accordingly, this court would recommend that the unresponsive

9

plaintiffs be dismissed as named plaintiffs on the NYLL claims[8] without prejudice to their future participation, to the extent the court deems appropriate, as class members on these state law claims if the Rule 23 class actions remains certified. *See, e.g., Hamelin v. Faxton St. Luke's Healthcare*, 2010 WL 3430406, at *5 (recommending the dismissal of the unresponsive opt-in plaintiffs "subject to their right, should class certification be GRANTED, to participate as class members in the action if deemed appropriate by the court"). [9]

WHEREFORE, for the reasons set forth above, it is hereby

**RECOMMENDED**, that the defendants' motion to dismiss all claims of the unresponsive 13 opt-in plaintiffs (Dkt. No. 122) be **GRANTED IN PART AND DENIED IN PART,** as explained above, and it is further

**RECOMMENDED**, that the claims of plaintiffs Anthony Calenda, Jr.; Edward Coffin; Travis DeRuby; Matthew Helmer; Mike Helmer; Justin Jones; Arthur Mucitelli; Chris Nobles; Salomon Pierre; John Curley, Jr.; James Quinn; Tim Rigdon;

---

[8] In similar cases, Judge Hurd has ruled that the plaintiffs who opt into a collective FLSA action also opt in to whatever other claims have been or may be asserted in the action. *Colozzi v. St. Joseph's Hosp. Health Center*, 275 F.R.D. 75, 81 (N.D.N.Y. 2011) (individuals who opt-in to the FLSA collective action do not just opt-in as to a claim, but instead opt-in to the action in its entirety); *Fengler v. Crouse Health System, Inc.*, 634 F. Supp. 2d 257, 262 (N.D.N.Y. 2009) (once a potential plaintiff opts in under the FLSA, that person is a party to the action, not just to a claim).

[9] The court in *Enriquez* dismissed only the FLSA claims of the unresponsive opt-in plaintiffs, not the NYLL claims. 2012 WL 6641650, at *3. However, based on Judge Hurd's position in *Colozzi* and *Fengler*, the 13 unresponsive plaintiffs in this action gained named-plaintiff status with respect to the NYLL claims by opting in under the FLSA. They should be dismissed as named plaintiffs so that they maintain no greater rights than absent class members on the NYLL claims, which rights would be extinguished if, for example, the class was later decertified.

and Jesus Resendiz under the Fair Labor Standards Act be **DISMISSED WITH PREJUDICE**, and it is further

**RECOMMENDED**, that claims of Anthony Calenda, Jr.; Edward Coffin; Travis DeRuby; Matthew Helmer; Mike Helmer; Justin Jones; Arthur Mucitelli; Chris Nobles; Salomon Pierre; John Curley, Jr.; James Quinn; Tim Rigdon; and Jesus Resendiz as named plaintiffs under the New York Labor Law be **DISMISSED WITHOUT PREJUDICE** to their future participation, to the extent the court deems appropriate, as absent class members on those state law claims, if the Rule 23 class action remains certified, and it is further

**RECOMMENDED**, that, if the District Court accepts the above recommendations, the defendants' counterclaims for unjust enrichment against plaintiffs Anthony Calenda, Jr.; Edward Coffin; Travis DeRuby; Matthew Helmer; Mike Helmer; Justin Jones; Arthur Mucitelli; Chris Nobles; Salomon Pierre; John Curley, Jr.; James Quinn; Tim Rigdon; and Jesus Resendiz, be **DISMISSED WITHOUT PREJUDICE** to renewal to the extent one or more of these plaintiffs are allowed to participate in the future as class members in connection with the New York Labor Law claims, and it is further

**ORDERED**, that the Clerk serve this Report-Recommendation on plaintiffs Anthony Calenda, Jr.; Edward Coffin; Travis DeRuby; Matthew Helmer; Mike Helmer; Justin Jones; Arthur Mucitelli; Chris Nobles; Salomon Pierre; John Curley, Jr.; James Quinn; Tim Rigdon; and Jesus Resendiz at the addresses set forth in the defendants Affidavit of Service dated January 14, 2012 (Dkt. No. 123).

11

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72.

Dated: January 29, 2013

Hon. Andrew T. Baxter
U.S. Magistrate Judge