UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

BRETT JOHNSON,
obo himself, and others similarly situated,

                                    Plaintiffs,

      v.                                                        6:10-CV-346
                                                                     (DNH/ATB)

WAVE COMM GR LLC, *et al.*,

                                    Defendants.

---

TIMOTHY C. SELANDER, ESQ., *et al.*, for Plaintiffs
SCOTT P. QUESNEL, ESQ., *et al.*, for Defendants

ANDREW T. BAXTER, United States Magistrate Judge

## REPORT-RECOMMENDATION

     Presently before the court is defendants' letter motion (Dkt. No. 157) to dismiss the claims of "opt-in" plaintiff Gary Czelusniak because of his failure to respond to defendants' Second Set of Interrogatories and motion to compel (Dkt. No. 153). Having previously been allowed to withdraw from the representation of this unresponsive individual (Dkt. No. 148), plaintiffs' counsel has not opposed the motion. The pro se plaintiff did not respond to the second set of interrogatories or the motion by the deadline set by order of this court (Dkt. No. 154). For the reasons discussed below, this court will recommend (1) dismissal, with prejudice, of the claims of plaintiff Czelusniak under the Fair Labor Standards Act ("FLSA") and (2) dismissal of his claims, as a named plaintiff, under the New York Labor Law ("NYLL"), without prejudice to their future participation, to the extent the court

deems appropriate, as a class member on these state law claims if the Rule 23 class action remains certified. If the District Court adopts this recommendation, the defendants have agreed to the dismissal, without prejudice, of any counterclaims for unjust enrichment against the same plaintiff.

## I.     Relevant Procedural History[1]

On February 26, 2013, plaintiffs' attorneys filed a motion to withdraw as counsel for plaintiff Gary Czelusniak, who failed to cooperate in responding to the second set of interrogatories propounded by the defendants. (Dkt. Nos. 140). The motion papers detailed the repeated efforts of plaintiffs' counsel to communicate to the unresponsive client that he was obligated to respond to the discovery requests, and that his continuing failure to cooperate would cause the attorneys to move to withdraw as his counsel. (Selander Aff., Dkt. No. 140-3, ¶¶ 9-12). Plaintiff Czelusniak, on whom service of the motion to withdraw was made at his last known addresses (Dkt. No. 142), never responded, and this court granted the plaintiffs' attorneys' motion to withdraw on March 28, 2013 (Dkt. No. 148).

On April 23, 2013, defendants filed a motion to compel unresponsive opt-in plaintiff Czelusniak to respond to the second set of interrogatories. (Dkt. No. 153). On April 24, 2013, this court entered an order which directed this plaintiff to respond to the outstanding discovery requests and/or the motion within 30 days of service and warned him that, if he "fail[ed] to comply with the Court's Order to provide discovery

---

[1] My prior Report-Recommendation, relating to a group of other unresponsive plaintiffs, sets forth the general procedural history of this case. (Dkt. No. 127 at 2-4).

2

responses, the Court shall issue a Report and Recommendation to United States District Court Judge David N. Hurd in which the Court shall recommend the dismissal of all claims being pursued by him . . . ." (Dkt. No. 154). Defense counsel served the motion to compel and the court's order on plaintiff Czelusniak at his last known addresses. (Dkt. No. 155). When plaintiff Czelusniak did not respond to the discovery requests or the motion to compel by the court's deadline, defendants filed a letter motion asking the court to issue a Report-Recommendation that the claims of this plaintiff should be dismissed. (Dkt. No. 157).

## II.     Applicable Law[2]

Rule 37(b) (2)(A) of the Federal Rules of Civil Procedure governs the sanctions that a court may impose for failure to comply with an order to provide discovery, which include "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). A district court has wide discretion in imposing sanctions under Rule 37(b)(2). *See Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1365 (2d Cir. 1991). However, because dismissal with prejudice for failure to provide discovery is a harsh sanction, dismissal is appropriate only in extreme situations. *See Valentine v. Museum of Modern Art*, 29 F.3d 47, 49 (2d Cir. 1994).

The court should consider the following factors in exercising its discretion in fashioning Rule 37 sanctions: "(1) the willfulness of the non-compliant party or the

---

[2] This discussion of the applicable law draws heavily on the concise analysis of Magistrate Judge Go in *Enriquez v. Cherry Hill Market Corp.*, CV 2010-5616, 2012 WL 6641650, at *1-2 (E.D.N.Y. Oct. 22, 2012) (Report and Recommendation), *adopted*, 2012 WL 6626008 (E.D.N.Y. Dec. 20, 2012).

reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." *World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 159 (2d Cir. 2012). These factors are not exclusive, and they need not all be resolved against the party facing sanctions to warrant dismissal. *Id*.

The inaction of this unresponsive opt-in plaintiff also implicates Rule 41(b) of the Federal Rules of Civil Procedure, which provides, in pertinent part, that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Dismissals pursuant to Rule 41 are also within the discretion of the court in extreme situations. *See Jackson v. City of New York*, 22 F.3d 71, 75 (2d Cir. 1994). In considering whether dismissal is proper, courts consider the following factors: (1) the duration of plaintiff's failure to comply with court orders; (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *See Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 193–94 (2d Cir.1999). "'Generally, no one factor is dispositive.'" *Id.* (citation omitted).

### III.  Analysis

Based on the similar factors applicable to sanctions under Rules 37(b) and

41(b), this court recommends that unresponsive plaintiff Gary Czelusniak be dismissed from this action. This plaintiff has ignored this court's explicit order to respond to defendants' discovery demands and/or to defense motion to compel and did not respond to the motion of plaintiffs' attorney to withdraw as his counsel. Well before that, starting in the summer of 2012, this individual failed to respond to the diligent efforts of plaintiffs' counsel to obtain his cooperation in appropriately responding to the second round of discovery demands. (Selander Aff., Dkt. No. 140-3, ¶¶ 9-12).

The court concludes that the failure of this plaintiff to cooperate with his former attorney and comply with the court's orders was willful. Even if this plaintiff had moved, and had not have received some of the notices from the parties and the court, he had an obligation to keep his lawyer and the court apprised of updated contact information. *See, e.g.*, *Dumpson v. Goord*, 00–CV–6039, 2004 WL 1638183, at *3 (W.D.N.Y. July 22, 2004) ("The demand that plaintiffs provide contact information is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit.") (collecting cases).[3]

The period of almost one year during which this plaintiff refused to cooperate with respect to defense discovery requests and motions contributed significantly to the repeated delays in the schedules set by the court for the completion of pretrial proceedings. These delays have prejudiced not only the defendants in their ability to

---

[3] Rule 41.2(b) of the Local Rules of Practice for the Northern District of New York states that failure to notify the court of a change of address in accordance with Local Rule 10.1(c)(2) may result in the dismissal of any pending action.

mount a timely and cost-effective defense to the action, but also the other plaintiffs by delaying their action for civil relief. This plaintiff has been explicitly warned by this court that his continuing failure to fulfill his obligations in this action would result in the dismissal of his claims. Given the duration of these plaintiff's recalcitrance and the absence of any showing of justification, this court concludes that no sanction short of dismissal would be adequate. *See, e.g.*, *Hamelin v. Faxton St. Luke's Healthcare*, 5:08–CV–1219 (DNH/DEP), 2010 WL 3430406, at *4 (N.D.N.Y. July 19, 2010) (Report and Recommendation) ("The [47] opt-in plaintiffs' refusals to provide standard discovery has caused delay, required court intervention, increased defendants' costs, and prejudiced them in their ability to defend against the plaintiffs' claims. Having ignored not only the warnings but orders of this court, the non-complying opt-in plaintiffs have left the court with no alternative but to recommend dismissal of their FLSA claims."), *adopted*, 2010 WL 3433987 (Aug. 27, 2010); *Seever v. Carrols Corp.*, 528 F. Supp. 2d 159, 165 (W.D.N.Y. 2007) (dismissing FLSA and NYLL claims of two plaintiffs who failed or refused to attend or complete their depositions, respond to defendant's interrogatories, or to otherwise comply with the Court's orders concerning discovery).

The court notes that, if the unresponsive plaintiff had not initially opted-in to the collective FLSA action, he would not have been required to respond to any discovery to qualify as an absent class member on the NYLL claims. The defendants filed a motion to compel discovery responses by the absent Rule 23 class members (Dkt. No. 103), but this court denied that motion on September 24, 2012, subject to

6

reconsideration following the resolution of substantive motions that the parties intend to file. (Dkt. No. 107). "It would be unfair to treat the opt-in plaintiffs differently than other employees who may have chosen not to opt-in to the FLSA action for the same reason that these plaintiffs have failed to participate." *Enriquez v. Cherry Hill Market Corp.*, 2012 WL 6641650, at *3 (the unresponsive opt-in plaintiffs should not be precluded from participating in a potential class action under state law because there is no requirement that a class member in a NYLL action opt-in to an FLSA collective action). Accordingly, this court would recommend that the unresponsive plaintiff be dismissed as a named plaintiff on the NYLL claims,[4] without prejudice to his future participation, to the extent the court deems appropriate, as a class member on these state law claims if the Rule 23 class actions remains certified. *See, e.g., Hamelin v. Faxton St. Luke's Healthcare*, 2010 WL 3430406, at *5 (recommending the dismissal of the unresponsive opt-in plaintiffs "subject to their right, should class certification be GRANTED, to participate as class members in the action if deemed appropriate by the court").[5]

---

[4] In similar cases, Judge Hurd has ruled that the plaintiffs who opt into a collective FLSA action also opt in to whatever other claims have been or may be asserted in the action. *Colozzi v. St. Joseph's Hosp. Health Center*, 275 F.R.D. 75, 81 (N.D.N.Y. 2011) (individuals who opt-in to the FLSA collective action do not just opt-in as to a claim, but instead opt-in to the action in its entirety); *Fengler v. Crouse Health System, Inc.*, 634 F. Supp. 2d 257, 262 (N.D.N.Y. 2009) (once a potential plaintiff opts in under the FLSA, that person is a party to the action, not just to a claim).

[5] The court in *Enriquez* dismissed only the FLSA claims of the unresponsive opt-in plaintiffs, not the NYLL claims. 2012 WL 6641650, at *3. However, based on Judge Hurd's position in *Colozzi* and *Fengler*, the unresponsive plaintiff in this action gained named-plaintiff status with respect to the NYLL claims by opting in under the FLSA. He should be dismissed as named plaintiff so that he maintains no greater rights than absent class members on the NYLL claims, which rights would be extinguished if, for example, the class was later decertified.

7

WHEREFORE, for the reasons set forth above, it is hereby

**RECOMMENDED**, that the defendants' motion to dismiss all claims of plaintiff Gary Czelusniak (Dkt. No. 157) be **GRANTED**, as explained above, and it is further

**RECOMMENDED**, that the claims of plaintiffs Gary Czelusniak under the Fair Labor Standards Act be **DISMISSED WITH PREJUDICE**, and it is further

**RECOMMENDED**, that claims of Gary Czelusniak as a named plaintiff under the New York Labor Law be **DISMISSED WITHOUT PREJUDICE** to his future participation, to the extent the court deems appropriate, as an absent class member on those state law claims, if the Rule 23 class action remains certified, and it is further

**RECOMMENDED**, that, if the District Court accepts the above recommendations, the defendants' counterclaims for unjust enrichment against plaintiff Gary Czelusniak, be **DISMISSED WITHOUT PREJUDICE** to renewal to the extent this plaintiff is allowed to participate in the future as a class member in connection with the New York Labor Law claims, and it is further

**ORDERED**, that the Clerk serve this Report-Recommendation on plaintiff Gary Czelusniak at the addresses set forth in the defendants' most recent Affidavit of Service (Dkt. No. 155).

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE**

**APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72.

Dated: June 6, 2013

Hon. Andrew T. Baxter
U.S. Magistrate Judge