UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BRETT JOHNSON, on behalf of himself and
all others similarly situated,

                    Plaintiff,

   -v-                                                    6:10-CV-346

WAVE COMM GR LLC; ROBERT GUILLERAULT,
individually; and RICHARD RUZZO, individually,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| APPEARANCES: | OF COUNSEL: |
|---|---|
| NICHOLS KASTER PLLP<br>Attorneys for Plaintiff<br>4600 IDS Center<br>80 South Eighth Street<br>Minneapolis, MN 55402 | PAUL J. LUKAS, ESQ.<br>TIMOTHY C. SELANDER, ESQ. |
| THOMAS & SOLOMON LLP<br>Attorneys for Plaintiff<br>693 East Avenue<br>Rochester, NY 14607 | J. NELSON THOMAS, ESQ.<br>PATRICK J. SOLOMON, ESQ.<br>JUSTIN M. CORDELLO, ESQ. |
| GIRVIN & FERLAZZO, PC<br>Attorneys for Defendants<br>20 Corporate Woods Boulevard<br>2nd Floor<br>Albany, NY 12211 | SCOTT P. QUESNEL, ESQ.<br>PATRICK J. FITZGERALD, III. ESQ. |

DAVID N. HURD
United States District Judge

**MEMORANDUM-DECISION and ORDER**

**I. INTRODUCTION**

Brett Johnson ("plaintiff") brings this class action on behalf of himself and all others similarly situated against Wave Comm GR LLC ("Wave Comm"), and its two owners, Robert Guillerault ("Guillerault") and Richard Ruzzo ("Ruzzo") (collectively "defendants") alleging violations of the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201–219 ("FLSA") and New York Labor Law ("NYLL"), N.Y. Lab. Law §§ 190–191. Plaintiff claims Wave Comm failed to properly compensate cable technician installers ("installers") for overtime work. Defendants deny any violations of the FLSA or NYLL.

Defendants filed a motion for complete class decertification of both the FLSA and NYLL classes pursuant to 29 U.S.C. § 216(b) and Federal Rule of Civil Procedure ("Rule ___") 23(c)(1)(C), respectively. Plaintiff opposed, and defendants replied. The motion was considered on its submissions without oral argument.

**II. FACTUAL BACKGROUND**

It is assumed the parties are familiar with the underlying facts as detailed in the prior decisions in this case. ECF No. 163; see also Johnson v. Wave Comm GR LLC, No. 6:10–CV–346, 2011 WL 10945630 (N.D.N.Y. Oct. 4, 2011) (Report-Recommendation) (Baxter, M.J.) adopted by 2011 WL 10945627 (N.D.N.Y. Oct. 25, 2011).

In short, this case is a collective and class action lawsuit brought to recover unpaid overtime wages under the FLSA and the NYLL. It involves approximately 200 current and former employees of defendant Wave Comm. Two classes of installers were certified, one under the FLSA pursuant to 29 U.S.C. § 216(b), and another under the NYLL pursuant to Rule 23(b)(3).

The FLSA class is comprised of 57 opt-in plaintiffs and includes Wave Comm employees who worked as installers within the three years preceding the filing of this lawsuit, as FLSA claims are subject to a maximum three year statute of limitations.

The NYLL class is made up of approximately 200 plaintiffs, which includes the 57 opt-in plaintiffs and is comprised of all Wave Comm employees who worked as installers between April 2006 and April 2011, as NYLL claims are subject to a six year statute of limitations.

The classes are broken down into two subclasses:

**Subclass I**: All persons who worked for Wave Comm as installers . . . at any time between April 2006 and March 2010 . . . who did not receive proper overtime pay when they worked more than forty (40) hours in any given work week. [*under Compensation Plan A* ("Plan A")]

**Subclass II**: All persons who worked for Wave Comm as installers . . . at any time between March 2010 and April 2011, with compensation determined based on Wave Comm's weighted halftime compensation system . . . who did not receive proper overtime pay when they worked more than forty (40) hours in any given work week. [*under Compensation Plan B* ("Plan B")]

On this date, the parties' cross-motions for summary judgment were granted in part and denied in part. ECF No. 163. Specifically, it was found that some opt-in plaintiffs' claims under the FLSA are time barred, subject to a determination of willfulness by the jury. Additionally, it was held that Wave Comm satisfied the first two prongs of the retail or service establishment exemption under 29 U.S.C. § 207(i), that is, Wave Comm qualifies as a retail or service establishment and paid installers on a commission basis under Plan A. However, defendants could not sustain their burden as to the third prong, that is, to prove all installers were compensated at a rate of one and one-half times the minimum wage for all weeks of work.

Specifically, as to the FLSA Subclass I, defendants could provide no record of hours worked for the period between April 2006 and September 27, 2009.  As a result, they could not show that installers were compensated at a rate of one and one-half times the minimum wage for those weeks of work, and the exemption was denied for that period.  For the period from September 28, 2009 through the end of the period encompassing Subclass I (March 2010), defendants established that the regular rate of pay for each Subclass I member was at least one and one-half times the minimum wage in some, but not all weeks.  It was found that Wave Comm is entitled to the exemption only for those weeks from September 28, 2009 forward in which the requirement was met.

As to the NYLL Subclass I, defendants provided no evidence of hours worked nor wages for the period April 2006 through March 2010, which comprised the entire period in which Plan A was in effect, and thus it was impossible to determine on summary judgment whether Wave Comm satisfied the third prong of the exemption for the NYLL class. Accordingly, the exemption was denied without prejudice for the NYLL class.

It was also found that the formula by which Plan B calculated wages for members of Subclass II complied with the FLSA, except for during the first pay period of Plan B which defendants conceded.  Plaintiff also established that a reasonable fact finder could conclude that the defendants knowingly failed to compensate members of Subclass II for hours worked during lunch breaks and at home completing billing sheets.  Therefore, summary judgment with regard to plaintiff's claim of unreported hours was denied.

Plaintiff was also granted summary judgment on the claim that Guillerault and Ruzzo are employers and thus individually liable under the FLSA and defendants' counterclaim for unjust enrichment was dismissed.

### III. **STANDARD OF REVIEW**

#### A. **FLSA Collective Action**

Courts in this Circuit apply a two-step method in certifying a FLSA collective action. First, if "plaintiffs make a modest factual showing that they and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law," the court will send notice to those potential opt-in plaintiffs who may be "similarly situated." Myers v. Hertz Corp., 624 F.3d 537, 555 (2d Cir. 2010) (internal quotations omitted). The second stage occurs after discovery on a more developed record. At that time, the court determines if the opt-in plaintiffs "are in fact 'similarly situated' to the named plaintiffs." Id. The action may be decertified if the evidence reveals that they are not. Id.

#### B. **NYLL Class Action**

"The class action is 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" Comcast Corp. v. Behrend, 133 S. Ct. 1426, 1432 (2013) (quoting Califano v. Tamasaki, 442 U.S. 682, 700–01 (1979)). "A party seeking class certification must affirmatively demonstrate his compliance with [Rule 23] . . . ." Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2551–52 (2011). In order to demonstrate compliance with Rule 23(a), parties seeking class certification must show: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). After a party has established compliance with Rule 23(a), it must then "satisfy through evidentiary proof at least one of the provisions of Rule 23(b)." Comcast Corp., 133 S. Ct. at 1432.

In this case, class certification was granted pursuant to Rule 23(b)(3). Rule 23(b)(3) requires a showing that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other methods for fairly and efficiently adjudicating the controversy." Factors supporting such a finding include: "(A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action." Id. A district court may later decertify a previously certified class if it becomes apparent that the requirements of Rule 23 are in fact, not met. See Rule 23(c)(1)(C).

### C. Consideration of Both Actions Together

The FLSA class certified pursuant to 26 U.S.C. § 216(b) required installers to opt in to the collective action to seek recovery through the suit, whereas the NYLL class certified pursuant to Rule 23(b)(3) required installers who met the class description to opt out of the class action to avoid being bound by the judgment. Although claims brought under the FLSA are brought as a collective action, and claims brought under the NYLL constitute a class action, the certification standard for the different types of actions is largely the same. Epenscheid v. DirectSat USA, LLC, 705 F.3d 770, 772 (7th Cir. 2013). Accordingly, when considering motions for decertification for collective actions brought under the FLSA and parallel class actions under state law, courts may treat the set of suits as if it were a single class action. Id.

## IV. **DISCUSSION**

Defendants contend that now that discovery has been completed, the evidence that has been adduced indicates that the claims being pursued in this case cannot be efficiently and fairly adjudicated as a collective or class action due to the vast number of highly individualized inquiries that are required. Accordingly, defendants move to decertify the conditional FLSA collective action and the NYLL class action. Plaintiff argues this is a small and locally confined collective and class action comprised of installers who performed the same job duties and were paid in the same manner. According to plaintiffs, the overarching legal issues were addressed in the parties' motions for summary judgment, damages may be addressed at trial with representative proof, and therefore the collective and class actions should be maintained.

The case is now at the second step of the two-step process discussed in Myers, and it must now be determined whether the record establishes that the plaintiffs who have opted in are in fact similarly situated to the named plaintiff. Similarly situated does not mean identically situated. When determining whether opt-in plaintiffs are similarly situated, other courts have considered: (1) the nature of the factual and employment settings of the individual plaintiffs; (2) whether available defenses appear to be individual to each plaintiff; and (3) whether fairness and procedural considerations warrant proceeding collectively. Zivali v. AT&T Mobility, Inc., 784 F. Supp. 2d 456, 460 (S.D.N.Y. 2011).

Defendants argue that an accurate calculation of damages would be impossible given the unique factual circumstances surrounding each individual plaintiff, and that defendants intend to present defenses which are unique to each plaintiff individually. Plaintiff contends

- 7 -

that class members are similarly situated, defendants may present their defenses collectively, and procedural considerations favor collective adjudication.

### A. Nature of Factual and Employment Settings

Defendants contend that each individual plaintiff experienced unique factual and employment circumstances, and that representative proof would be inadequate to properly compensate class members. They claim that their argument is supported by answers to interrogatories which show that the average number of hours worked by individual plaintiffs per workweek varied widely. Defendants further cite variations in each individual plaintiff's hours per workweek for the period during which they tracked their employees' hours in support of their position. They argue that these variations compel individual questioning of each plaintiff to determine the reasonableness of their estimated hours of work for the period when Wave Comm did not track its employees' hours.

Defendants rely on a case with similar facts in which the court was forced to decertify the class on the eve of trial. Epenscheid v Directsat USA, LLC, No. 09-CV-625, 2011 WL 2009967 (W.D. Wisc. May 23, 2011) aff'd, 705 F.3d 770 (7th Cir. 2013). In Epenscheid, the Court decertified a class action brought under the FLSA where twelve subclasses were originally created in an attempt to consolidate the claims of cable installers from three states into one action. Id. at *1–2. The Seventh Circuit upheld the district court's decision to decertify the classes due to the inadequacy of representative proof, which, according to the plaintiffs' proposed trial plan, would have consisted of testimony from forty-two class members, to accurately represent the experiences of the 2,341 class members who were employed across three different states. Epenscheid, 705 F.3d at 774. In its decision, the district court expressed concerns over variances in plaintiffs' experiences, which resulted

- 8 -

from working in different offices. Epenscheid, 2011 WL 2009967, at *6. In decertifying the action, the district court explained that "this case is not fit for adjudication as a collective and class action, at least under the plan proposed by plaintiffs." Id. at *1. According to defendants, "Epenscheid stands as a warning to courts which accept vague notions of 'representative proof' and wait until the eve of trial when confronted with unmanageable pretrial plans to thoroughly evaluate whether class and collective treatment is appropriate." Defs.' Mem. Supp. Mot. Decertification, 5.

There are significant differences between Epenscheid and the present case. As previously noted when the classes were certified, "there are substantial common issues of law and fact in this case because Wave Comm had compensation plans that were uniformly applied to a relatively small group of installers in one state who all performed the same type of work." Johnson, 2011 WL 10945630, *9 n.17. In this case, all of the class members worked out of the same office in Utica, New York, performed the same type of work under the direction of the same employers, and were compensated under the same plans. Additionally, the mere difference in number of class members in this case makes the use of representative proof more feasible than in Epenscheid.

"To show that they are similarly situated, Plaintiffs may present evidence to show that an employer engaged in a unified policy, plan, or scheme of FLSA violations." Kautsch v. Premier Commc'ns, No. 06-CV-04035, 2008 WL 294271, at *1 (W.D. Mo. Jan. 31, 2008) (citing Grayson v. K-Mart Corp., 79 F.3d 1086, 1095–96 (11th Cir. 1996)). It is undisputed that members of Subclass I were all compensated according to Plan A, which failed to provide overtime pay. Plaintiffs have also submitted evidence to show that defendants engaged in a policy to deny overtime payments to members of Subclass II by instructing

them to record having taken a lunch break regardless of whether or not one was taken, and by knowingly allowing members of Subclass II to perform work filling out billing sheets at home without providing compensation. This evidence, which tends to show that plaintiffs were subjected to unified policies of their employer which violated the FLSA and NYLL, supports a finding that plaintiffs are similarly situated.

### B. Available Defenses

Defendants argue that decertification is necessary because they intend to present defenses which are unique to each class member. They argue that individual inquiries are required to determine whether the FLSA's statute of limitations bars or limits each class member's claims, or if individual plaintiffs were exempt from overtime payments under the retail or service establishment exemption.[1] Defendants also contend that they are entitled to question each plaintiff individually to determine the reasonableness of their estimates of hours worked during the period in which Wave Comm did not track its employees hours.

Defendants' "right to defend against individualized claims on an individual basis, rather than collectively . . . must be balanced with the rights of the plaintiffs—many of whom would likely be unable to bear the costs of an individual trial—to have their day in court." Nerland v Caribou Coffee Co., Inc., 564 F. Supp. 2d 1010, 1024 (D. Minn. 2007) (internal citations omitted). Furthermore, where individualized inquiries into damages may be necessary, Rule 23(b)(3) does not preclude class certification when common questions regarding liability predominate. Alonso v. Uncle Jack's Steakhouse, Inc., No. 08-CV-7813, 2011 WL 4389636,

---

[1] The retail or service establishment exemption was discussed in great detail in the previous Memorandum-Decision and Order. ECF No. 163.

at *5 (S.D.N.Y. Sep. 21, 2011). Common questions of law and fact predominate over individualized questions concerning the application of the statute of limitations and FLSA exemption in this matter. If it is determined that plaintiffs are entitled to damages, the statute of limitations can be readily applied to correctly limit each opt-in class member's claim as the date on which each class member consented to join the action is known with certainty. Defendants have already produced a chart establishing the earliest date of recovery for each opt-in plaintiff under both the three year statute of limitations for willful violations of the FLSA and the two year statute of limitations for non-willful violations. See Quesnel Aff., Jan. 25, 2013, Ex. W, ECF No. 124–122. It would be inefficient to deny the collective adjudication of these claims merely because the statute of limitations must be applied to each plaintiff individually when determining damages.

Common questions concerning defendants' liability also predominate over questions of whether the retail or service establishment exemption applied to individual plaintiffs. For the vast majority of the weeks in which employees were compensated under Plan A, the exemption cannot be applied to any installers in the FLSA or NYLL classes because Wave Comm failed to track its employees' hours. ECF No. 163. For the weeks in which Wave Comm did track its employees' hours, it can be easily determined if individual plaintiffs were paid one and one-half times the minimum wage and were exempt from overtime payments. Again, defendants have already compiled a chart showing what weeks individual FLSA Subclass I members were exempt from overtime payments. See Quesnel Aff., Jan. 25, 2013, Ex. U, pts. 1 & 2, ECF No. 124–119. Accordingly, defendants' argument that their due process rights would be violated by proceeding collectively is unpersuasive.

- 11 -

Defendants further contend that individual inquiries into the reasonableness of each plaintiff's reported hours will be required as representative proof would be insufficient to reasonably represent the amount of work performed by non-testifying plaintiffs. However, where defendants failed to track their employees' hours, "it is well-established that the [plaintiff] may present the testimony of a representative sample of employees as part of his proof of the prima facie case under the FLSA." Reich v. S. New England Telecomm. Corp., 121 F.3d 58, 67 (2d Cir. 1997).

> [W]here the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes . . . [t]he solution . . . is not to penalize the employee by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work. Such a result would place a premium on an employer's failure to keep proper records in conformity with his statutory duty; it would allow the employer to keep the benefits of an employee's labors without paying due compensation as contemplated by the Fair Labor Standards Act. In such a situation we hold that an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

Id. at 66–67 (quoting Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687–88 (1946)). Furthermore, "[t]he employer cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had he kept records." Anderson, 328 U.S. at 688.

Defendants cannot support their decertification motion with claims that representative proof is inadequate to accurately assess the extent of their liability when Wave Comm's failure to track its employees' hours is the reason that representative proof is necessary.

Decertification on those grounds would unjustly penalize the plaintiffs and reward defendants for their failure to keep records. Such an argument is also insufficient to establish that individual questions regarding damages predominate over common questions of liability. Plaintiffs have established that the representative testimony they intend to introduce satisfies their burden of establishing a prima facie violation of the FLSA and NYLL. Defendants will have the opportunity to introduce all of the evidence they have cited which calls into question the reasonableness of the class members' estimates to negate any inference of liability raised by plaintiffs' representative testimony.

### C. **Fairness and Procedural Considerations**

When considering whether fairness and procedural considerations weigh in favor of class certification, courts are to consider the purposes to the FLSA's collective action mechanism: "(1) to lower costs to the plaintiffs through the pooling of resources; and (2) to limit the controversy to one proceeding which efficiently resolves common issues of law and fact that arose from the same alleged activity." Moss v. Crawford & Co., 210 F.R.D. 398, 410 (W.D. Pa. 2000) (citing Hoffman-La Roche Inc., v. Sperling, 493 U.S. 165, 170 (1989)). Defendants argue that proceeding as a class action "would result in unjustly rewarding some technicians who have already been compensated fully, while simultaneously reducing the awards to which others may be entitled." Defs.' Mem. Supp. Mot. Decertification, 29–30. Plaintiff claims that considerations of fairness and judicial efficiency weigh in favor of collective adjudication.

Plaintiff asserts that many class members would be unable to bear the costs of proceeding individually, and decertification of this action would force them to abandon their claims. Pl.'s Mem. Opp. Mot. Decertification, 19. Defendants did not respond to this

argument. As decertification of this action would be contrary to the FLSA's goal of reducing costs to plaintiffs through the pooling of resources, considerations of fairness weigh against decertification.

If this action were to be decertified, adjudication of these claims would require hundreds of mini trials. Thus, considerations of judicial efficiency weigh heavily in favor of collective adjudication as decertification of this action would be inefficient and expensive for both the parties involved and the court. See Monroe v. FTS USA, LLC., 763 F. Supp. 2d 979, 996 (W.D. Tenn. 2011) ("The investment of time and resources required for . . . separate trials would render adjudication of Plaintiffs' claims so unwieldy and expensive as to substantially hinder, if not preclude, their resolution by judicial means."); see also Kautsch, 2008 WL 294271, at *4 ("[S]eparate trials is the worst possible outcome in terms of efficiency.").

## V. **CONCLUSION**

Defendants have not shown that common questions of law and fact no longer predominate over questions affecting individual class members such that decertification is warranted. Class members are similarly situated with regards to their factual and employment circumstances. They all worked in the same office, were compensated under the same payment plans, and allege that they were subjected to unified policies which violated the FLSA and NYLL. Defendants' ability to present available defenses will not be harmed by proceeding collectively. They retain the ability to challenge representative proof introduced by class members regarding defendants' violation of the FLSA and the extent of damages. Concerns of fairness to individual plaintiffs and considerations of judicial

efficiency also weigh in favor of collective adjudication. For these reasons, defendants' motion to decertify the action will be denied.

Therefore, it is

ORDERED that

Defendants' Motion for Class Decertification pursuant to 29 U.S.C. § 216(b) and Federal Rule of Civil Procedure 23 is DENIED.

IT IS SO ORDERED.

_____
United States District Judge

Dated: March 14, 2014
       Utica, New York.